UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Criminal Action No. 5:24-mj-00080-LLK

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.

THOMAS RUTTER WOOLLACOTT                                                   DEFENDANT

### MEMORANDUM OPINION AND ORDER
### ON PRELIMINARY HEARING

On May 20, 2024, the undersigned Magistrate Judge held an preliminary hearing and detention hearing on a criminal complaint in this case. Angela M. Rea represented Defendant, and Raymond D. McGee represented the United States. The proceedings were digitally recorded.

At the hearing, the United States put on three witnesses, FBI Special Agents Joseph R. Oliver, Daniel Neally, and Scott Wenther. Additionally, the United States proffered evidence based on interviews of people who know Defendant. Defendant put on no evidence but argued lack of probable cause to believe that he violated 18 U.S.C. § 115(a)(1)(B) (influencing, impeding, or retaliating against a Federal official by threatening or injuring a family member). Government Exhibit 1 was admitted into the record.

For the reasons below, the Magistrate Judge concludes that there is probable cause to believe that Defendant violated 18 U.S.C. § 115(a)(1)(B).

**Relevant facts**

Defendant admitted during an FBI interview that on March 23, 2024, he left a voicemail message on the message system of a United States official to the effect that:

> I don't understand how any person with any sort of integrity or personal pride could work for any member of Congress and its government. Y'all should quit if you have any fucking integrity, you have any value to society you don't need to be a fucking [inaudible] congressman and a worthless congressman that said million foreign countries board of congressman that votes to send [inaudible] companies in the United States that provides clothes [inaudible] for kids without their parents' knowledge. You want to know [inaudible]? You fucking faggot can't spend our money if you're dead. You're dead [name of United States Official #1 is redacted], you worthless, traitorous piece of shit, vest the fuck up. You have fucked us. Do you have another fucking bunker [name of United States Official # I is redacted]? Like Zuckerberg? Guess what, even something like has to

1

> be supplied. Where you worthless motherfuckers gonna hide? [inaudible) you how convenient that would be? Do you know how convenient that would be for us? If you're forcing [inaudible] the fucking wrong way [name of United States Official #I has been redacted]. You are forcing that, you worthless vile cunt. So now we're gonna have to do things the hard way. Vest the fuck up. The second amendment's all we got. Especially when pieces of shit are fucking are leaving their chair empty so it can't be filled before the election. Yeah, you're all done. You're done. You're all the fucking same. Everything single one of you is the same. You're all enemies of the state at this point. Every single one of you. I don't care what the fuck you say? I don't care what badge asshole you send. You're all the fucking same, every fucking vapid pig ... also an enemy of the state. You understand?

[Affidavit in support of criminal complaint, Doc. 1-1, Paragraph 3].

Defendant further admitted that on April 12, 2024, he left a voicemail message on the message system of the same United States official to the effect that:

> [inaudible] your boss or your employer that thinks he can just dismiss the Constitution. The Constitution is not up for debate. If your employer wants to dismiss the Constitution, he needs the whole the Convention of States. He needs a two thirds majority which he did not have. So as such, all your employer did today was publicly lead a rebellion against the Constitution. Now, that verbiage is important, read the 14th amendment. Rebellion against same, same being the Constitution reverend just previously. Rebellion against same rebellion against the Constitution disqualifies your boss from office. He is an enemy of the Constitution. He is declaring war on the Constitution and by extension we the people and we the people will not stand for it. None of you are protected under law. You're a domestic insurgency waging war against the founding documents of this country. It will not be tolerated. You will be hunted and found and removed from the face of this fucking earth. May God have mercy because we the people will not. You better fucking smartin up, you dumb sons of bitches. You can run but you can't fuckin hide. You know why? We're coast to coast. Coast to coast we'll fucking find you. You can hide in your caves, in your tunnels, in your harden homes. But guess what? All those things need supplies. Every person needs water. Every person needs air. You motherfuckers are about to find out. It's over for you. It's over. Vest up.

*Id.* at Paragraph 5.[1]

The United States official listened to the above voicemail messages, stated that he perceived them to be threatening, and expressed concern for the safety of his family and a need for extra security. *Id.* at Paragraph 7.

---

[1] While the offense(s) charged by the criminal complaint occurred "[o]n or about and between March 23rd, 2024 and April 12th, 2024" [Doc. 1], the supporting affidavit delves into an uncharged voicemail message sent to United States Official No. 2 on June 14, 2023, and an uncharged voicemail message sent to United States Official No. 3 on October 2, 2023.

On May 14, 2024, FBI Special Agent Kate K. Furtak issued a Criminal Complaint charging Defendant with violating 18 U.S.C. § 115(a)(1)(B).  [Doc. 1].

On May 14, 2024, the Court issued an Arrest Warrant.  [Doc. 3].

On or about May 14, 2024, the Court issued a Search Warrant.

On May 15, 2024, the undersigned conducted an initial appearance, appointed Ms. Rea to represent Defendant, and scheduled a preliminary hearing and detention hearing.  [Doc. 7].

On May 20, 2024, the undersigned conducted a preliminary hearing and detention hearing.  The undersigned ruled from the bench that there is probable cause to believe that Defendant violated 18 U.S.C. § 115(a)(1)(B) and ruled that Defendant must be detained before trial because there is no "condition or combination of conditions [that] will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C.A. § 3142(e).

Contemporaneously with this Opinion and Order, the Court is entering a document that memorializes the Court's detention rationale.  The present Opinion and Order memorializes the Court's probable cause determination.

At the hearing, FBI Special Agents Oliver, Neally, and Wenther testified regarding Defendant's resisting arrest, the search and seizure of items from Defendant's residence, information gleaned from interviews with Defendant, and information gleaned from interviews with individuals who know Defendant.

### Standards governing preliminary hearings

Fed.R.Crim.P. 5.1(a) provides that, generally, unless waived by the defendant or the defendant is indicted, if a defendant is charged with an offense other than a petty offense, a magistrate judge must conduct a preliminary hearing. Fed.R.Crim.P. 5.1(e) provides that "[i]f the magistrate judge finds probable cause to believe an offense has been committed and the defendant committed it, the magistrate judge must promptly require the defendant to appear for further proceedings."

**The elements of 18 U.S.C. § 115(a)(1)(B)**

Defendant is charged with violation of 18 U.S.C. § 115(a)(1)(B), which makes it a crime to "threaten[] to assault, kidnap, or murder, a United States official … with intent to impede, intimidate, or interfere with such official … while engaged in the performance of official duties, or with intent to retaliate against such official … on account of the performance of official duties."

18 U.S.C. § 115(a)(1)(B) defines a specific intent crime, meaning that "[n]ot only does § 115(a)(1)(B) require the government to prove beyond a reasonable doubt that the defendant threatened certain action against a government official but also that the defendant made such a threat for the specific purpose of interfering with the performance of official duties or of retaliating for the performance of such duties." *United States v. Veach*, 455 F.3d 628, 633 (6th Cir. 2006). Thus, to sustain a Section 115(a)(1)(B) conviction, the government must prove three elements: "(1) the defendant conveyed a threat of physical harm to a federal official or his family; (2) the threat was intended as an act of retaliation against the federal official; and (3) this threat could reasonably be construed by the person in receipt of the threat to be actually carried out." *Id.* at 633.

Regarding element (3), "a prosecutable threatening communication need not be supported either by evidence of the author's actual ability to carry out his threat, or his actual substantive intent to do so. Rather, if a reasonable person would foresee that an objective rational recipient of the statement would interpret its language to constitute a serious expression of intent to harm ... that message conveys a true threat." *United States v. Andrews*, 48 F. App'x 151, 155 (6th Cir. 2002).

**Findings and conclusions**

The Magistrate Judge finds and concludes that probable cause exists in the present case to believe that 1) the two voicemail messages conveyed a threat of physical harm to a United States official, 2) the threat was intended as an act of retaliation for performance of official duties, and 3) an objective rational

recipient of the message would (as the recipient, in fact, did in this case) interpret its language to constitute a serious expression of intent to harm.

### The United States' evidence

In addition to the testimony supporting the allegations in the complaint discussed above, the FBI agents testified that execution of the search warrant revealed that Defendant has firearms and a 3-D printer from which at least some of the firearms had been produced.[2] The agents testified that Defendant resisted arrest. The agents testified, and the United States proffered evidence, that Defendant has anti-government views, talked of putting explosive Tannerite in garden gnomes in the event government agents arrive, talked of digging tunnels beneath his home, and has a history of dismissed criminal charges.

These matters were more relevant to the detention decision than the probable cause determination.

### Defendant's argument

Defendant argued that the voicemail messages did not indicate that he intended to harm the United States official personally but only that, in words attributed to John F. Kennedy, "those who make peaceful revolution impossible will make violent revolution inevitable." FBI Agent Oliver indicated that Defendant used this quotation following his arrest.

According to defense counsel, Defendant's messages were designed to remind the United States official and his staff of the collective consequences from the people, not consequences from himself personally. In the same vein, Defendant couched the "threat" in terms of "[m]ay God have mercy because we the people will not." Defendant emphasized that a real, credible threat would be more likely communicated person-to-person, but this case involves only recorded voicemail messages and material unearthed by the FBI in connection with execution of the arrest and search warrants and interviews with persons Defendant knows.

---

[2] None of the witnesses identified a violation of federal or state gun laws.

The argument that the threats were directed at the collective ignores the fact that the message on March 23, 2024, states: "You fucking faggot [singular] can't spend our money if you're dead. You're dead [name of United States Official #1 is redacted], you worthless, traitorous piece of shit, vest the fuck up." [Doc. 1-1, Paragraph 3].

While a defense along the lines suggested by defense counsel may, ultimately, be presented to a jury, there is a reasonable probability that, given a chance, a jury would find the essential elements of the crime to be present beyond a reasonable doubt. As indicated above, in this case, an objective rational recipient of the messages might interpret them as conveying a serious, credible threat. This is evidenced by the fact that United States Official No. 1 listened to the messages in question and indicated that he felt threatened by them.

**Precedent from the Sixth Circuit and this Court support a finding of probable cause in this case.**

The Sixth Circuit has recognized that a person may be convicted of 18 U.S.C. § 115 for leaving a threatening voicemail message at the office of a member of Congress. *United States v. Hoff*, 767 F. App'x 614 (6th Cir. 2019). Hoff pled guilty to one count of threatening to assault or murder a United States official in violation of 18 U.S.C. § 115 based on the following message:

> "I've seen the [ ] prayer y'all were saying at the baseball diamond last night. I think y'all better hit your knees and pray for the people that you're screwin up their lives with your secret legislation...." R. 47-1, PageID 274–75. Hoff continued: "We are taking our country back. We are on the march. The other day is the tip of the iceberg. I've tried to warn you.... Maybe the next one taken down will be your daughter, huh? Or even your wife. Or even you." Id. at 275.

*Id.* at 616. Presumably, there was a factual basis for the plea of guilty.

The messages in the present case and *Hoff* are from both a group (we are taking our country back) and from a specific individual in the group (I've tried to warn you). Also, the messages are directed at both a group (y'all) and at a specific individual in the group (your daughter, your wife, even you). *Hoff* is at odds with Defendant's argument that there is no 18 U.S.C. § 115 violation if the threatened violence

6

will be carried out by a group as opposed to the defendant personally and is at odds with Defendant's suggestion that a real, credible threat is more likely to be communicated person-to-person.

In *United States v. Andrews*, 48 F. App'x 151 (6th Cir. 2002), a jury convicted Andrews of 18 U.S.C. § 115 for sending a threatening letter to the chambers of a United States Circuit Judge Gilbert Merritt. Among other things, the letter stated:

> … now it's time for y'all to pay, and you will pay, with your life, and then your so precious family, and that comes from my Aryan heart. You Jew-loving punk. … me and my people are coming for you and your family, and it's going to be a nice party for our Aryan people to watch and hear all of your deaths. It's time, Mr. Merritt.

*Id.* at 152. After his arrest, Andrews admitted to being a member of the Aryan Brotherhood. *Id.* at 153. The Sixth Circuit held that the evidence was sufficient to support Andrews' conviction because a "reasonable reading of this letter would suggest that Andrews seriously intended to harm Judge Merritt, if not by himself, then through his fellow members of the Aryan Brotherhood." *Id.* at 156. *Andrews* is at odds with Defendant's argument that there is no crime under 18 U.S.C. § 115 if the threatened violence will be carried out by a group as opposed to the defendant personally and is at odds with the suggestion that a real, credible threat is more likely to be communicated face to face.

In *United States v. Clayton*, No. 3:17-MJ-132-CHL, 2017 WL 970282 (W.D. Ky. Mar. 13, 2017), Magistrate Judge Colin Lindsay held a preliminary hearing on whether there was probable cause to believe that Clayton violated 18 U.S.C. § 1512(b)(1) when she "knowingly … threaten[ed]" (as contemplated by the statute) a government witness in a federal prosecution. Clayton told the government witness, whose grandfather had recently been buried, "[y]ou are gong to be digging another grave real soon." *Id.* at *2. Judge Lindsay found that probable cause was present, notwithstanding the testimony of Clayton's witnesses that Clayton was only making a biblical reference to "digging another grave." *Id.* While *Clayton* involved 18 U.S.C. § 1512 as opposed to 18 U.S.C. § 115, both statutes assign criminal liability based on a "threat." The mere possibility of an abstract or innocuous interpretation does not prevent a statement from being a threat.

**Conclusion**

For the foregoing reasons, the Magistrate Judge concludes that there is probable cause to believe that Defendant violated 18 U.S.C. § 115(a)(1)(B).

May 23, 2024

*[signature]*

Lanny King, Magistrate Judge
United States District Court

C: AUSA Raymond D. McGee
   Angela M. Rea, Federal Defender
   United States Probation Office
   United States Marshal

P-Prel Hrg: 0/20  (Contested)
Det Hrg: 1/10 (Contested)